GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
BRETT A. DAY
Assistant United States Attorney
Arizona State Bar No. 027236
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: brett.day@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 02 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No.   CR-21-00911-PHX-DJH (MTM) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO:   18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) (Dealing Firearms without a License) Count 1 |
| Tammy Michelle Castle, | 18 U.S.C. § 924(a)(1)(A) (False Statement During Purchase of a Firearm) Counts 2-19 |
| Defendant. | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegations) |

**THE GRAND JURY CHARGES**:

## COUNT 1

On or between January 23, 2021 and May 19, 2021, in the District of Arizona, Defendant TAMMY MICHELLE CASTLE, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

### COUNTS 2 - 19

On or about the dates listed below, in the District of Arizona, Defendant TAMMY MICHELLE CASTLE knowingly made false statements and representations to the businesses listed below, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant TAMMY MICHELLE CASTLE did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record in each of the counts below stating that she was the actual buyer or transferee of the firearm, and was not buying these firearms on behalf of another person, whereas in truth and fact, Defendant TAMMY MICHELLE CASTLE knew that she was buying the firearms on behalf of another person:

| Count | Date | Business |
| --- | --- | --- |
| 2 | 1/23/2021 | Aztec Pawn, Phoenix, Arizona |
| 3 | 1/25/2021 | Aztec Pawn, Phoenix, Arizona |
| 4 | 1/27/2021 | Lee Tech, LLC., Mesa, Arizona |
| 5 | 2/2/2021 | Aztec Pawn, Phoenix, Arizona |
| 6 | 2/18/2021 | Glendale Pawn and Jewelry, Glendale, Arizona |
| 7 | 2/26/2021 | QC Firearms, Queen Creek, Arizona |
| 8 | 3/11/2021 | Olsen Firearms, Cave Creek, Arizona |
| 9 | 3/13/2021 | Olsen Firearms, Cave Creek, Arizona |
| 10 | 3/18/2021 | Olsen Firearms, Cave Creek, Arizona |
| 11 | 3/23/2021 | Aztec Pawn, Phoenix, Arizona |
| 12 | 3/27/2021 | QC Firearms, Queen Creek, Arizona |
| 13 | 4/10/2021 | QC Firearms, Queen Creek, Arizona |
| 14 | 4/17/2021 | QC Firearms, Queen Creek, Arizona |
| 15 | 4/27/2021 | Aztec Pawn, Phoenix, Arizona |
| 16 | 4/30/2021 | QC Firearms, Queen Creek, Arizona |
| 17 | 5/3/2021 | Glendale Pawn and Jewelry, Glendale, Arizona |
| 18 | 5/8/2021 | QC Firearms, Queen Creek, Arizona |
| 19 | 5/19/2021 | QC Firearms, Queen Creek, Arizona |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

- 2 -

## FORFEITURE ALLEGATIONS

The Grand Jury realleges and incorporates the allegations of Counts 1 through 19 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 19 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendant is liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

//
//
//
//
//
//
//
//

- 3 -

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/S
FOREPERSON OF THE GRAND JURY
Date:  November 2, 2021

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona


/S
BRETT A. DAY
Assistant U.S. Attorney